■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SCHWAB, Appellant.—Judgment unanimously reversed, on the law, motion to suppress granted, and indictment dismissed. Memorandum: Defendant appeals from a judgment of conviction following a plea of guilty to the crime of attempted criminal possession of a controlled substance in the sixth degree (Penal Law, §§ 110.00, 220.06, subd 3). Prior to his plea of guilty, defendant moved for suppression pursuant to CPL 710.20 which was denied after a hearing. Defendant contends on this appeal that the entry and subsequent search of the building where he was apprehended and arrested was in contravention of his rights under the Fourth Amendment of the Constitution. We agree. Our courts have consistently held that only those searches and seizures conducted either pursuant to a warrant or by consent, or as an incident to a lawful arrest are reasonable *(People v Loria,* 10 NY2d

368). This general rule has been modified where there has been probable cause shown together with exigent circumstances (see *Terry v Ohio,* 392 US 1; *Warden v Hayden,* 387 US 294; *Carroll v United States,* 267 US 132). The Supreme Court of the United States has held that warrantless searches conducted on the basis of probable cause but in the absence of exigent circumstances are per se unreasonable *(Coolidge v New Hampshire,* 403 US 443). The People do not rely upon exigent circumstances to justify their warrantless search but rather upon defendant's consent. Here, the initial entry of the police into the premises in question must rely for its validity upon whether defendant or his companion consented to their entry. In *Bumper v North Carolina* (391 US 543, 548) it was stated, "When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." In *United States v Smith* (308 F2d 657, 663, cert den 372 US 906), the court stated: "A consent is not a voluntary one if it is the product of duress or coercion, actual or implicit." The court went on to state that a consent must be "unequivocal, specific and intelligently given". The record before us does not warrant a conclusion that the police entry into the building was based upon "unequivocal, specific and intelligently given" consent. Thus, the subsequent search was illegal and the seized contraband items should properly have been suppressed. Absent such contraband evidence, defendant's conviction cannot stand. (Appeal from judgment of Supreme Court, Erie County convicting defendant of attempted criminal possession of a controlled substance, sixth degree.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Witmer, JJ.